UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CUSTOM CABS, INC., <br><br> Plaintiff, <br><br> v. <br><br> JADA BUILDERS INC., <br><br> Defendant. <br><br> AND RELATED COUNTERCLAIMS. | Case No.: 19-CV-1376-DMS(WVG) <br><br> **SECOND AMENDED SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS** <br><br> **[Doc. No. 43.]** |

The parties' joint motion to continue the expert discovery deadline is GRANTED solely for the purpose set forth in the joint motion. Additionally, the remaining unexpired dates from the Amended Scheduling Order remain unchanged and are reiterated below. Accordingly, **IT IS HEREBY ORDERED**:

1.  All discovery pertaining to expert witnesses shall be completed on or before **January 14, 2021**.

"Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure, **and any motions**

**and the resolution of any discovery disputes**. All disputes concerning discovery shall be brought to the attention of the Magistrate Judge no later than thirty (30) days following the date upon which the event giving rise to the discovery dispute occurred. Counsel shall meet and confer pursuant to the requirements of Fed. R. Civ. P. 26 and Local Rule 26.1(a). The Court will hear the disputes only after counsel have met and conferred and have reached impasse with regard to the particular issue. **A failure to comply in these regards will result in a waiver of a party's discovery issue. Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

2. All other pretrial motions must be filed by **January 29, 2021**. Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. The period of time between the date you request a motion date and the hearing date may vary from one district judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard. Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

3. A second Mandatory Settlement Conference shall be conducted on **April 9, 2021**, at **9:00 a.m.** in the chambers of Magistrate Judge William V. Gallo. Counsel shall submit settlement statements **directly to chambers** no later than **April 2, 2021**. The settlement statements for this conference shall be updated versions of the statements submitted for the first conference.

Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference. **Settlement conference briefs shall not be filed with the Clerk of the Court but may be served on opposing counsel at the party's discretion. Settlement conference briefs shall comply with the undersigned's Chambers Rules.** The parties shall meet and confer in good faith prior to the Mandatory Settlement Conference and

verify that they have done so in their respective Mandatory Settlement Conference statements, outlining the substance of their discussions and negotiations.

Pursuant to Federal Rule of Civil Procedure 16 and Local Civil Rule 16.3, all named Plaintiffs, named Defendants, claims adjusters for insured defendants, and if a named Plaintiff or Defendant is a corporation, partnership, or other entity, a representative of that entity, with full and unlimited authority[1] to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and must be prepared to discuss in good faith, the facts of the case, the law that governs the legal issues in the case, and to resolve the case at the Settlement Conference. Sanctions may issue against a party and/or attorney who does not proceed as noted above. Retained outside corporate counsel <u>shall not</u> appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement. For good cause, and on ex parte application at least one week before the scheduled settlement conference, Magistrate Judge Gallo may excuse a party or representative from personal attendance provided such party or parties will be available by telephone during the conference. Failure to attend the conference or participate in good faith or obtain proper excuse will be considered grounds for sanctions. Counsel seeking to reschedule a Settlement Conference must first confer with opposing counsel. The Court will consider formal, written *ex parte* requests to continue a Settlement Conference when extraordinary circumstances exist that make a

---

[1] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. *Id.* at 486. A limited or a sum certain of authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590 (8th Cir. 2001).

continuance appropriate.  In and of itself, having to travel a long distance to appear at the Settlement Conference is not an extraordinary circumstance.

4. Counsel shall file their Memoranda of Contentions of Fact and Law and take any other action required by Local Rule 16.1(f)(2) by **April 23, 2021**.

5. Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **April 23, 2021**.  Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

6. Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **April 30, 2021**.  At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment.  The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c).  Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3).  Counsel shall cooperate in the preparation of the proposed pretrial conference order.

7. Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f).  By **May 7, 2021**, plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval.  Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

8. The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **May 14, 2021**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

9. The final Pretrial Conference is scheduled on the calendar of the **Honorable Dana M. Sabraw** on **May 21, 2021** at **10:30 a.m.**  The trial is scheduled to start on **June 21, 2021** at **9:00 a.m.**

10. The parties must review the chambers' rules for the assigned district judge and magistrate judge.

11. A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

12. The dates and times set forth herein will not be modified except for good cause shown.

13. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

14. Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

DATED: December 16, 2020

Hon. William V. Gallo
United States Magistrate Judge